# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida
### Tampa Division

Case No. 8:18cv304 T27 cpt
*(to be filled in by the Clerk's Office)*

Miguel Angel Arias

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Ashley B. Moody
Unknown Agents of the Federal Government (CIA)
Laura Ann Arias
Michael Samuel Dyre

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Miguel Angel Arias |
| Address | 1428 East Morey Drive, Apt. 106 |
| | Homestead, Florida 33033 |
| | *City / State / Zip Code* |
| County | Miami-Dade |
| Telephone Number | (813) 504-6613 |
| E-Mail Address | miguel.arias006@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ashley B. Moody |
| Job or Title *(if known)* | Circuit Court Judge |
| Address | 800 East Twiggs Street |
| | Tampa, Florida 33602 |
| | *City / State / Zip Code* |
| County | Hillsborough |
| Telephone Number | (813) 272-5894 |
| E-Mail Address *(if known)* | publicinfo@fljud13.org |

☐ Individual capacity   ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Unknown Agents of the Federal Government (CIA) |
| Job or Title *(if known)* | Privacy and Civil Liberties Officer |
| Address | Central Intelligence Agency |
| | Washington, D.C. 20505 |
| | *City / State / Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☒ Official capacity

Defendant No. 3
  Name: Laura Ann Arias
  Job or Title (if known):
  Address: 42262 Knotty Oak Terrace
  City: Ashburn  State: Virginia  Zip Code: 20148
  County:
  Telephone Number:
  E-Mail Address (if known):

  ☒ Individual capacity  ☐ Official capacity

Defendant No. 4
  Name: Michael Samuel Dyre
  Job or Title (if known): Attorney
  Address: 201 East Kennedy Boulevard, Suite 950
  City: Tampa  State: Florida  Zip Code: 33602
  County: Hillsborough
  Telephone Number: (813) 699-3565
  E-Mail Address (if known):

  ☒ Individual capacity  ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

  ☒ Federal officials (a *Bivens* claim)

  ☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   Plaintiff brings this lawsuit pursuant to Title 42 U.S. Code § 1983 against State Official's and Federal Agents who enjoin resources to violate Plaintiff's protections guaranteed under the First, Fifth, Eight and Fourteenth Amendments of the United States Constitution to: (See 1,2,3,4 - C below).

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Plaintiff brings this lawsuit pursuant to Title 42 U.S. Code § 1983 against State Official's and Federal Agents who enjoin resources to violate Plaintiff's protections guaranteed under the First, Fifth, Eight and Fourteenth Amendments of the United States Constitution to:
1. Enrich family members by defrauding of Plaintiff Retirement Social Security
2. Obstruct Justice by squashing Discovery in a civil proceeding.
3. Use their authority to incarcerate Plaintiff illegally and extort money from Family members.
4. Protect from prosecution, actors who break the law in their behalf.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

ATTACHMENT II (D)

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Hillsborough County Courthouse
Courtroom 400
Tampa, Florida 33602

B. What date and approximate time did the events giving rise to your claim(s) occur?

TRANSCRIPTS:

MOTION FOR CONTEMPT FOR NOT PAYING ALIMONY

| | |
|---|---|
| PROCEEDINGS: | Motion for Contempt / Alimony |
| BEFORE: | Honorable Paul L. Huey |
| DATE: | December 19, 2011, 2:13 - 2:38 P.M. |
| PLACE: | Hillsborough County Courthouse, 800 Twiggs Street, Room 400, Tampa, Florida 33602 |
| REPORTED BY: | Melinda McKenna, FPR |

| | |
|---|---|
| PROCEEDINGS: | Motion for Contempt / Alimony |
| BEFORE: | Honorable Robert Beach |
| DATE: | March 12th, 2 014, 1:30 p.m. – 1:50 p.m. |
| PLACE: | Hillsborough County Courthouse, 800 Twiggs Street, Room 400, Tampa, Florida 33602 |
| REPORTED BY: | Amy Somerset Isse |

SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY
Proceedings, file December 14,2009, and heard April 28,2015 (Over 5 years later)

| | |
|---|---|
| PROCEEDINGS: | Case Management / Alimony |
| BEFORE: | Honorable Ashley B. Moody |
| DATE: | December 10th 2014 9:00 a. m. – 9:15 a. m. |
| PLACE: | Hillsborough County Courthouse, 800 Twiggs Street, Room 400, Tampa, Florida 33602 |
| REPORTED BY: | Michael Pallotto |

| | |
|---|---|
| PROCEEDINGS: | Pre-Trial / Alimony |
| BEFORE: | Honorable Ashley Moody |
| DATE: | March 23rd, 2015 2:00 p.m. - 2:09 p.m. |
| PLACE: | Hillsborough County Courthouse, 800 Twiggs Street, Room 400, Tampa, Florida 33602 |
| REPORTER BY: | Amy Somerset Isse |

| | |
|---|---|
| PROCEEDINGS: | Trial / Alimony |
| BEFORE: | Honorable Ashley Moody |
| DATE: | April 28, 2015, 9:00 a.m. - 12:04 p.m. |
| PLACE: | Hillsborough County Courthouse, 800 Twiggs Street, Room 400, Tampa, Florida 33602 |
| REPORTER BY: | Nika M. Priestley |

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

ATTACHMENT III (C)

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Financial

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SET ASIDE / VACATE

ORDER GRANTING, IN PART, FORMER HUSBAND'S SUPPLEMENTAL PETITION
FOR MODIFICATION OF ALIMONY AND GRANTING, IN PART, FORMER WIFE'S
MOTION FOR CONTEMPT AND INCARCERATION OF FORMER HUSBAND;
MOTION TO ESTABLISH ARREARAGES AND JUDGMENT THEREON, AND FOR
ENTRY OF ODRO
FILED July 6, 2015

Circuit Court Judge Ashley B. Moody / Unknown Agents Of The Federal Government
    Declaration that it is against the national interest that agents use their resources to influence the outcome of cases being judicated in our court system. In any such occassions where the court encounters such actors, the court should challenge the agent to guarantee the equal protection , and due process for all under the U.S. Constitution.
    Temporary injunction to investigate why for 9 years during these proceeding the courts are conflicted (the orders do not reflect the transcript), or the transcript are changed to eliminate unfavorable testimony to Defendant No. 3.

Laura Ann Arias
- Compensatory Damages - $120,710 (Monetary Judgment and accumulated Alimony)
- Emotional Distress - $70,000
- Punitive Damages - $250,000

Attorney Michael Samuel Dyre
- Compensatory damages - $8,000 (Fee Paid)
- Emotional distress - $50,000
- Punitive damages - $50,000

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     February 5, 2018

Signature of Plaintiff     *Miguel Angel Arias*
Printed Name of Plaintiff     Miguel Angel Arias

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

|   |   |
|---|---|
| Printed Name of Plaintiff | Miguel Angel Arias |

**B.   For Attorneys**

| | |
|---|---|
| Date of signing: | N/A |
| Signature of Attorney | N/A |
| Printed Name of Attorney | N/A |
| Bar Number | N/A |
| Name of Law Firm | N/A |
| Address | N/A |
| | N/A    N/A    N/A |
| | *City*    *State*    *Zip Code* |
| Telephone Number | N/A |
| E-mail Address | N/A |

# ATTACHMENT II (D)

## MOTION FOR CONTEMPT FOR NOT PAYING ALIMONY

Heard December 19, 2011, between 2:13 p.m. and 2:38 p.m., before the Honorable Paul L. Huey in Hillsborough County Courthouse, 800 Twiggs Street, Tampa, Florida. Court Reporter, Melinda McKenna.

### Section 1983/Biven- The Honorable Paul L. Huey, and Unknown Agents of the Federal Government.

After Plaintiff (Pro Se) lost his job and could not pay the $2,500 alimony, he filed a "Supplemental Petition for Modification of Alimony" on December 14, 2009. The court refused to hear Plaintiff's Petition for Modification of Alimony, but continue to have hearings of contempt for not paying alimony. The court violated Plaintiff (Former Husband), First, Fifth and Fourteenth Amendment Due Process and Equal Protection Under the Law, to favor Defendant No. 3 (Former Wife)

During the December 19th 2011 Contempt proceeding, Defendant No. 3 (Former Wife) who was staying with eldest daughter was conference in from Armenia. Plaintiff (Former Husband), witnessed an Unknown Agents of the Federal Government monitoring the trial. "JUSTICE DELAY IS JUSTICE DENIED"

December 19th 2011 order, Amended December 20th, Plaintiff (Former Husband) Appealed to the 2nd District Court of Appeal, case 2D12-480. Publish Opinion November 27, 2013.

### AFFIRMED:

On the Contempt charge, Plaintiff Petition the Florida Supreme Court(Case No. SC14-422 ) to review based on, *"Article V, Section 3. Supreme court. - (b) JURISDICTION. – (3) May review any decision of a district court of appeal that expressly declares valid a state statute, or that expressly construes a provision of the state or federal constitution, or that expressly affects a class of constitutional or state officers, or <u>that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law</u>"*. Plaintiff presented in his "PETITIONER'S BRIEF ON JURISDICTION" Pettry v. Pettry, 706 So.2d 107, 108 (Fla. 5th DCA 1998) 533*533("Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf, and the denial of this right is fundamental error.") (citations omitted). Id. at 360-61. In addition:

- Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970)
- Clark y. State, 336 So. 2d 468 (Fla. App, 2 Dist, 1976)
- KoU v. Koll 812 So. 2d 529 - Fla. App. 4 Dist. 2002
- Walker v.Edel, 727 So.2d 359 (Fla. 5* DCA 1999)

On August 29, 2014, CASE NO.: SC14-422, Lower Tribunal No(s).: 2D 12-480; 07-DR-15811, the Supreme Court of Florida refused to accept jurisdiction to review this part of the order.

### REMAND:

The lower court was order to hear Plaintiff's "Supplemental Petition for Modification of Alimony" filed December 14, 2009, and scheduled April 28, 2015, over 5 years later.

### OVERTURNED:

Plaintiff's (Former Husband), Incarceration was overturned because it was base on perjures testimony of Defendant No. 3 (Former Wife) and the subornation of that testimony by her previous attorney (F.S.A. Statues Section

837.02 and 837.03 - Perjury, Suborning Perjury, and submitting false evidence).

**Bivens: Unknown Agents of the Federal Government.**
Plaintiff filed a complaint with the Florida Bar against Defendant No. 3's attorney in this case. Before the final stage of Discovery, the complaint was squash and the verdict and punishment were seal as per the Florida Bar.

### SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY

Filed December 14,2009, and heard April 28,2015 (Over 5 years later)
Circuit Court Judge Ashley B. Moody, Hillsborough County Courthouse, Courtroom 4 00
Tampa, Florida 33602

**CASE MANAGEMENT CONFERENCE** - December 10, 2014, 9:00 a.m. – 9:15 a.m.
**Section 1983/Bivens: Presiding Judge Ashley B. Moody, Plaintiff (Former Husband) Attorney Michael Samuel Dyre, Unknown Agent of the Federal Government, and Defendant No. 3 (Former Wife).** Plaintiff discovered that the presiding Judge had instructed Plaintiff's attorney (Michael Samuel Dyre) not to do any Discovery on Defendant No. 3's (Former Wife) Pension and keep it a secret from Plaintiff. Plaintiff, who is Indigent and has acted Pro Se since 2009, borrow money to hire an attorney to assure that this very important task is done successfully.

**PRE-TRIAL CONFERENCE** - March 23, 2015, 2:00 p.m. - 2:09 p.m.
**Section 1983/ Bivens: Presiding Judge Ashley B. Moody, Plaintiff (Former Husband) Attorney Michael Samuel Dyre, Unknown Agent of the Federal Government, Court Reporter Amy Somerset Isse, and Defendant No. 3 (Former Wife.** When Plaintiff discovered at the Case Management Conference that that his attorney was not acting in his best interest, he was fired. During the Pre-Trial Conference representing himself (Pro Se) Plaintiff requested a Continuance based on the fact that his attorney was not acting in his best interest by not conducting Discovery on Defendant No. 3 (Former Wife's) Pension. The Judge denied a Continuance and had the Court Reprter delete from the Transcript, the "REASON" why Plaintiff was requesting a Continuance.

**TRIAL PROCEEDINGS** - April 28, 2015, 9:00 a.m. - 12:04 p.m.
**Section 1983: Circuit Court Judge Ashley B. Moody, Court Reporter Nika M. Priestley.** The Trial Judge had Court Reporter remove from the Transcript (Modification hearing, April 28, 2015) admission by Defendant No. 3 (Former Wife) that she had moved her Pension to hide income (CROSS-EXAMINATION, THE WITNESS: Laura Ann Arias. BY MR. ARIAS: (T:[91],[2-6]) and (T:[10],[10-14])

### RETROACTIVE MODIFICATION- Final Order Filed April 28, 2015

Section 1983: : Circuit Court Judge Ashley B. Moody, any hearing of Contempt for not paying Alimony would have to be pending the resolution of any pre-existing Petition of Modification. The violation of this rule would violate Plaintiff's (Former Husband) protection guaranteed under the First, Fifth, and Fourteenth Amendments of the United States Constitution

### RETROACTIVE MODIFICATION - Final Order Filed April 28, 2015 (Cruel and Unusual Punishment)

Section 1983: Circuit Court Judge Ashley B. Moody, violated Plaintiff's protection guaranteed under the Eight Amendments of the United States Constitution which states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment. The Court Order declare $1,000 Alimony and $96,710.88 in back alimony base on a contempt hearing held before the Modification was head which violated Plaintiff (Former Husband) protection guaranteed under the First, Fifth, and Fourteenth Amendments of the United States Constitution. The Trial Court calculated alimony arrears of $96,710.88 which was converted to a monetary judgment. The law requires that the Monetary Judgment be paid first of the available funds from Plaintiff(Former Husband). With no more funds available, the alimony starts to accumulate.

Monthly Income from all Sources Known :

Defendant No. 3 (Former Wife)
1. $1,000  Alimony (Accumulating, because there is no income from Plaintiff's (Former Husband)
2. $1,000  Monetary Judgment deducted from Plaintiff's (Former Husband) Social Security Retirement benefits
3. $1,336  Pension
4. $ 673   Social Security
5. $4,009  Total

Plaintiff (Former Husband)
a. $ 865 Remainder of Plaintiff Retirement
b. -$1,000 Alimony (Accumulating dept owed, see Defendant No. 3 (Former Wife) number 1 above.
c. - $ 135

The above is contrary to one of the objective in "Modification Cases"*[A] trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be "shortchanged.- in Perez v. Perez, 2009*

# ATTACHMENT III (C)

## MOTION FOR CONTEMPT FOR NOT PAYING ALIMONY

Heard December 19, 2011, between 2:13 p.m. and 2:38 p.m., before the Honorable Paul L. Huey in Hillsborough County Courthouse, 800 Twiggs Street Tampa, Florida. Court Reporter, Melinda McKenna.

### Section 1983/Biven- The Honorable Paul L. Huey, and Unknown Agents of the Federal Government.

After Plaintiff (Pro Se) lost his job and could not pay the $2,500 alimony, he filed a "Supplemental Petition for Modification of Alimony" on December 14, 2009. **The court refused to hear Plaintiff's Petition for Modification of Alimony, but continue to have hearings of contempt for not paying alimony. The court violated Plaintiff's First, Fifth and Fourteenth Amendment Due Process and Equal Protection Under the Law, to favor Defendant No. 3 (Former Wife)**

During the December 19th 2011 Contempt proceeding, Defendant No. 3 (Former Wife) who was staying with eldest daughter was conference in from Armenia. **Plaintiff (Former Husband), witnessed a Unknown Agents of the Federal Government monitoring the trial.** On several occasions the trial judge seemed concerned as he made eye contact with him. Plaintiff, was given 10 days in jail, contrary, to over 5 months being requested by Defendant No. 3 (Former Wife). The Judge nervously hurried out the court room at the end of the proceedings. Intimidating State Official to do their bidding under National Security umbrella is an abuse of the power inherited by these agents who are entrusted to defend the Constitution, the United States and its Citizens.

Defrauding Plaintiff of his Social Security Retirement Income to enrich Defendant No. 3 (Former Wife) became evident when Plaintiff on March 28. 2017 filed a new "SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY" based on substantial changed in circumstances (Plaintiff is 66 years old and is retired and has remarried). Case Management was heard July 11, 2017 presided by a new, seemingly concern Circuit Court Judge. Defendant No. 3 (Former Wife) and her attorney where not present, they were represented by equally concerned Attorney and in attendance an **Unknown Agent of the Federal government** who was signaling the judge what to approve base on Attorney representing Defendant No, 3 (Former Wife). The Order by the court reflected only that. Plaintiff request to add Family Law Interrogatories requested April 27, 2017 was not included. A Court Reporter was hire by Plaintiff (Former Husband) and a request for the Transcript has not been received as of January 28, 2018. As well as a date requested from the Judicial assistant on July 22, 2017 to hear Motion Compel/Civil Contempt for not furnishing Plaintiff (Former Husband) "Standard Family Law Interrogatories" due by July 11, 2017(Case Management Hearing). "JUSTICE DELAY IS JUSTICE DENIED"

Plaintiff (Former Husband) Appeal December 19th 2011 Contempt Order mentioned at the beginning to the 2nd District Court of Appeal, case 2D12-480. Publish Opinion November 27, 2013.

### AFFIRMED:

On the Contempt charge, Plaintiff Petition the Florida Supreme Court(Case No. SC14-422 ) to review based on, *"Article V, Section 3. Supreme court. - (b) JURISDICTION. – (3) May review any decision of a district court of appeal that expressly declares valid a state statute, or that expressly construes a provision of the state or federal constitution, or that expressly affects a class of constitutional or state officers, or <u>that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law</u>"*. Plaintiff presented in his "PETITIONER'S BRIEF ON JURISDICTION" Pettry v. Pettry, 706 So.2d 107, 108 (Fla. 5th DCA 1998) 533*533("Due process

requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf, and the denial of this right is fundamental error.") (citations omitted). Id. at 360-61.  In addition:

- Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970)
- Clark y. State, 336 So. 2d 468 (Fla. App, 2 Dist, 1976)
- KoU v. Koll 812 So. 2d 529 - Fla. App. 4 Dist. 2002
- Walker v.Edel, 727 So.2d 359 (Fla. 5* DCA 1999)

On August 29, 2014, CASE NO.: SC14-422, Lower Tribunal No(s).: 2D 12-480; 07-DR-15811, the Supreme Court of Florida refused to accept jurisdiction to review this part of the order.

### REMAND:
the lower court was order to hear Plaintiff's "Supplemental Petition for Modification of Alimony" filed December 14, 2009, and scheduled April 28, 2015, over 5 years later.

### OVERTURNED:
Plaintiff's (Former Husband), Incarceration was overturned because it was base on perjures testimony of Defendant No. 3 (Former Wife) and the subornation of that testimony by her previous attorney (F.S.A. Statues Section 837.02 and 837.03 - Perjury, Suborning Perjury, and submitting false evidence).

### Bivens: Unknown Agents of the Federal Government.
Plaintiff filed a complaint with the Florida Bar against Defendant No. 3's attorney in this case.  Before the final stage of Discovery, the complaint was squash and the verdict and punishment were seal as per the Florida Bar.

### SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY
Filed December 14,2009, and heard April 28,2015 (Over 5 years later)
Circuit Court Judge Ashley B. Moody, Hillsborough County Courthouse, Courtroom 4 00
Tampa, Florida 33602

**CASE MANAGEMENT CONFERENCE** - December 10, 2014, 9:00 a.m. – 9:15 a.m.
Section 1983/Bivens: Presiding Judge Ashley B. Moody, Plaintiff (Former Husband) Attorney Michael Samuel Dyre, Unknown Agent of the Federal Government, and Defendant No. 3 (Former Wife). Plaintiff discovered that the presiding Judge had instructed Plaintiff's attorney (Michael Samuel Dyre) not to do any Discovery on Defendant No. 3's (Former Wife) Pension and keep it a secret from Plaintiff.  Plaintiff, who is Indigent and has acted Pro Se since 2009, borrow money to hire an attorney to assure that this very important task is done successfully.

**PRE-TRIAL CONFERENCE** - March 23, 2015, 2:00 p.m. - 2:09 p.m.
Section 1983/ Bivens: Presiding Judge Ashley B. Moody, Plaintiff (Former Husband) Attorney Michael Samuel Dyre, Unknown Agent of the Federal Government, Court Reporter Amy Somerset Isse, and Defendant No. 3 (Former Wife.
When Plaintiff discovered at the Case Management Conference that his attorney was not acting in his best interest, he was fired. During the Pre-Trial Conference representing himself (Pro Se) Plaintiff requested a Continuance based on the fact that his attorney was not acting in his best interest by not conducting Discovery on Defendant No. 3 (Former Wife's) Pension. The Judge denied a Continuance and had the Court Reporter delete from the Transcript, the "REASON" why Plaintiff was requesting a Continuance. The following is the excerpt from Plaintiff subpoena, which

shows that Defendant No. 3 continued effort to hide her pension with the assistance of the court and Unknown Agents of the Federal Government by facilitating moving and hiding her Pension money:

- Year 2010 - "Your estimated monthly benefit from the Plan payable on November 1, 2015 as a Single life Annuity Is: Qualified Benefit: $1,336.32"
- Year 2015 - "WLRP Fixed Benefit Your estimated benefit is $111.36, payable as a monthly Single Life Annuity on 11/01/2015."

**TRIAL PROCEEDINGS** April 28, 2015, 9:00 a.m. - 12:04 p.m.
**Section 1983 : Circuit Court Judge Ashley B. Moody, Court Reporter Nika M. Priestley, Defendant No. 3 (Former Wife)**
Trial Judge had Court Reporter remove from the Transcript (Modification hearing, April 28, 2015) admission by Defendant No. 3 (Former Wife) that she had moved her Pension to hide income (CROSS-EXAMINATION, THE WITNESS: Laura Ann Arias. BY MR. ARIAS: (T:[91],[2-6]) and (T:[10],[10-14])

**RETROACTIVE MODIFICATION- Final Order Filed April 28, 2015**
**Section 1983: : Circuit Court Judge Ashley B. Moody**
Any hearing of Contempt for not paying Alimony would have to be pending the resolution of any pre-existing Petition of Modification. The violation of this rule would violate Plaintiff's (Former Husband) protection guaranteed under the First, Fifth, and Fourteenth Amendments of the United States Constitution. The Retroactive Modification was base on September 12, 2011 Contempt hearing. See page 8 of 11 "...Instead, the Court grants the modification retroactive to the date of this Court's September 12, 2011 contempt order..." while Supplemental Petition for Modification of Alimony, file December 14,2009 was still pending. Below the Honorable Robert Beach explains why he refused to hear this Motion of Contempt for not Paying Alimony:

TRANSCRIPT OF PROCEEDINGS, BEFORE: Honorable Robert Beach, DATE: Wednesday, March 12th, 2014, TIME: Commencing at: 1:30 p.m., Concluding at: 1:50 p.m. Pg.6 line 15-25

THE COURT: "If in fact the petition for modification were heard and the Court found that there was a change of circumstances back then -"

MR. TAPP: "Uh-huh?"

THE COURT: "— and entered an order nunc pro tunc -"

MR. TAPP: "Yes, sir."

THE COURT: "— reducing his obligation, would that not in effect have an effect on your motion for contempt now?"

MR. TAPP: "Your Honor, I would agree"

RETROACTIVE MODIFICATION - Final Order Filed April 28, 2015 (Cruel and Unusual Punishment)

Section 1983: Circuit Court Judge Ashley B. Moody, violated Plaintiff's protection guaranteed under the Eight Amendments of the United States Constitution which states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment. The Court Order declare $1,000 Alimony and $96,710.88 in back alimony base on a contempt hearing held before the Modification was head which violated Plaintiff (Former Husband) protection guaranteed under the First, Fifth, and Fourteenth Amendments of the United States Constitution. The Trial Court calculated alimony arrears of $96,710.88 which was converted to a monetary judgment. The law requires that the Monetary Judgment be paid first of the available funds from Plaintiff(Former Husband). With no more funds available, the alimony starts to accumulate.

Monthly Income from all Sources Known :

Defendant No. 3 (Former Wife)
1. $1,000  Alimony (Accumulating, because there is no income from Plaintiff's (Former Husband)
2. $1,000  Monetary Judgment deducted from Plaintiff's (Former Husband) Social Security Retirement benefits
3. $1,336  Pension
4. $ 673   Social Security
5. $4,009  Total

Plaintiff (Former Husband)
a. $ 865 Remainder of Plaintiff Retirement
b. -$1,000 Alimony (Accumulating dept owed, see Defendant No. 3 (Former Wife) number 1 above.
c. -$ 135

The above is contrary to one of the objective in "Modification Cases"*[A] trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be "shortchanged.- in Perez v. Perez, 2009*