UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL ANGEL ARIAS,

    Plaintiff,

v.                                                                  CASE NO. 8:18-cv-304-T-23CPT

ASHLEY B. MOODY, UNKNOWN
AGENTS OF THE FEDERAL
GOVERNMENT (CIA), et al.,

    Defendants.
_____/

## **ORDER**

Miguel Arias sues (Doc. 1) Judge Ashley Moody (who presided over a state court alimony-enforcement proceeding after Arias's divorce), "Unknown Agents of the Federal Government (CIA)," Laura Ann Arias (Arias's former wife), and Michael Samuel Drye (Arias's former counsel in state court), all of whom allegedly violated Arias's rights under the First, Fifth, Eight, and Fourteenth Amendments. Suing under Section 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Arias requests that the district court vacate a state-court order requiring Arias to pay his former wife $1,000 monthly for alimony, that the district court declare "that it is against the national interest that [CIA] agents use their resources to influence the outcome of cases being [ad]judicated in our court

system,"* and that the district court order an investigation into Arias's allegation that Judge Moody, the CIA agents, and the state-court reporter conspired to delete from the state-court transcript testimony favorable to Arias. (Doc. 1 at 7)

Arias moves (Doc. 2) to proceed *in forma pauperis*. In a thorough report and recommendation (Doc. 2), Magistrate Judge Tuite explains that the complaint fails to state a claim, that *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), bar Arias's request to litigate again the alimony proceeding, and that the district court lacks jurisdiction over an alimony dispute in this instance.

"Objecting" (Doc. 12) to the report and recommendation, Arias "thank[s] the court for the opportunity to bring his complaint in compliance with the Federal Rules of Civil Procedure" and asserts that he will amend the complaint to remedy the defects identified by the report and recommendation. The objection (Doc. 12) is **OVERRULED**, the report and recommendation (Doc. 9) is **ADOPTED**, and the complaint is **DISMISSED**. No later than **APRIL 18, 2018**, Arias may amend the complaint. If the amended complaint fails to state a claim, an order will dismiss the

---

* A CIA agent allegedly sat in a courtroom in the Hillsborough County Courthouse during the alimony hearing and "monitor[ed]" the hearing. In some instances, the CIA agent allegedly caught the presiding judge's eye (Judge Paul Huey, not Judge Ashley Moody, presided at this hearing), and Judge Huey "nervously hurried out of the court room at the end of the proceedings." Arias suspects that the CIA agent "initimidat[ed]" Judges Huey and Moody to "do [the CIA's] bidding under a "National Security umbrella." (Doc. 1 at 12)

action.  If Arias fails to timely amend the complaint, an order will dismiss the action without further notice.

ORDERED in Tampa, Florida, on March 28, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE