UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL ANGEL ARIAS,

    Plaintiff,

v.                                               Case No. 8:18-cv-304-T-23CPT

ASHLEY B. MOODY, JANE DOE -
pseudo name [sic] of known CIA Agent,
LAURA ANN ARIAS, and
MICHAEL SAMUEL DYRE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Before me are Miguel Angel Arias' *Motions for Permission to Appeal In Forma Pauperis and Affidavit*. (Docs. 24, 25). For the reasons discussed below, I recommend that both motions be denied.

## BACKGROUND

    The background of this case has been previously summarized by the Court, *see* (Docs. 9, 13, 17, 19), and therefore need only be briefly outlined here.

    Arias initiated this action in February 2018 against his ex-wife (Laura Ann Arias), his former lawyer (Michael Samuel Dyre), a former state court judge (Ashley Moody), and unknown CIA agents, all of whom he claimed violated certain of his constitutional rights in connection with a state court alimony proceeding. (Doc. 1).

Based on these claims, Arias sought various forms of equitable and monetary relief, including vacatur of a state court order entered in 2015 (2015 State Court Order). *Id.*

Upon review of Arias' Complaint and accompanying construed motion to proceed *in forma pauperis*, I recommended that the Complaint be dismissed without prejudice on various grounds, including, of significance here, that his equitable claims were barred by the *Rooker-Feldman* doctrine. (Doc. 9 at 6-13). Over Arias' objections, the Court adopted this recommendation and directed Arias to file an amended complaint by April 18, 2018. (Doc. 13 at 2-3).

Arias timely filed an Amended Complaint, along with a renewed motion to proceed *in forma pauperis*. (Docs. 14-16). Because the Amended Complaint was similarly infirm, the Court denied Arias' motion and directed the Clerk to close the case. (Doc. 19).

Arias thereafter filed a "Notice of Appeal to the United States Supreme Court" on July 12, 1018 "pursuant to the order filed January 21, 2018 in this case."[1] (Doc. 21).

On August 2, 2018, the Eleventh Circuit dismissed the appeal for want of prosecution because Arias "failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in the district court within the time fixed by the rules." (Doc. 23 at 2).

---

[1] There is no order in this case dated January 21, 2018. Indeed, Arias did not even initiate the action until February 6, 2018.

Two weeks later, on August 16, 2018, Arias filed the instant motion to appeal *in forma pauperis* (Doc. 24) and, on August 21, 2018, he filed a duplicate such motion (Doc. 25). In both motions, Arias "request[s] that the Modification Order issue[d] in 2015 be nullif[ied]" and that he be granted "leave for [c]ertiorari to the US Supreme Court." (Doc. 24 at 1; Doc. 25 at 1).

## DISCUSSION

Motions to proceed *in forma pauperis* on appeal are governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915. *See Ex Parte Chayoon*, 2007 WL 1099088 (M.D. Fla. Apr. 10, 2007). Under Rule 24, "a party . . . who desires to appeal in forma pauperis must file a motion in the district court" that includes an affidavit showing, *inter alia*, "the party's inability to pay or give security for fees and costs" and "the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Section 1915 similarly provides, in relevant part, that a district court may authorize an "appeal . . . without prepayment of fees and costs or security therefor" where the person appealing submits an affidavit that lists all of his assets and that evidences his inability to tender such fees and security. 28 U.S.C. § 1915(a)(1). Section 1915 further provides, however, that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* at § 1915(a)(3).

To satisfy this "good faith" standard, the appealing party must demonstrate that any issue he seeks to pursue is "not frivolous when examined under an objective

3

standard." *Ghee v. Retailers National Bank*, 271 F. App'x 858, 859 (11th Cir. 2008).[2] An issue is deemed to be "frivolous" when "it appears the plaintiff has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted).

In this case, while Arias' motions evince that he is unable to pay the filing fee for an appeal, his purported appeal is futile and thus does not satisfy the good faith standard. By my reading of his submissions, there are two possible orders Arias seeks to appeal. The first—referenced in his July 12, 2018, Notice of Appeal—is a nonexistent "order filed January 21, 2018 in this case." *See* (Doc. 21).[3] Suffice it to say that Arias has no chance of success on an appeal of a phantom order.

The second order—as stated in the instant motions—is "the Modification Order issue[d] in 2015," by which Arias presumably means the 2015 State Court Order. In his motions, Arias advises that he wishes to appeal this order directly to the United States Supreme Court on the grounds that, under the *Rooker-Feldman* doctrine, "federal courts, other than the . . . Supreme Court lack jurisdiction to entertain claims for review of state court judgments." (Doc. 24 at 1; Doc. 25 at 1). As Arias effectively concedes, however, this Court does not have jurisdiction to grant him leave to appeal to the Supreme Court. If Arias seeks to invalidate or overturn a state court order, he must seek relief in accordance with the jurisdictional rules and procedures governing appeals of state court actions. *See, e.,g.,* FLORIDA RULES OF

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.
[3] Although Arias states in his Notice that the January 21, 2018, order is attached, it is not.

APPELLATE PROCEDURE (available at

https://www.floridabar.org/wp-content/uploads/2017/10/Appellate-Court-Rules-10-01-17.pdf).

## CONCLUSION

For the foregoing reasons, I recommend:

1) The Court deny Arias' *Motions for Permission to Appeal In Forma Pauperis and Affidavit* (Docs. 24, 25); and

2) The Court direct the Clerk to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

Respectfully submitted this 29th day of August 2018.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Steven D. Merryday, Chief United States District Judge
Any unrepresented party