UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL ANGEL ARIAS,

    Plaintiff,

v.                                              CASE NO. 8:18-cv-304-T-23CPT

ASHLEY B. MOODY, et al.,

    Defendants.
_____/

**ORDER**

    Miguel Arias, appearing *pro se*, sues (Doc. 13) a former state-court judge, Arias's former counsel in an alimony dispute, Arias's former wife, and an unknown CIA agent. Arias alleges that during a hearing on Arias's petition to modify alimony, the CIA agent sat in the Hillsborough County Courthouse and under "[a] National Security umbrella" "signal[ed]" to the state-court judge to deny Arias's petition. Arias requests in the complaint that the district court vacate the state court's alimony order and requests a declaration that "[federal] agents us[ing] their resources to influence" judicial decisions interferes with "the national interest."

    A June 5, 2018 report and recommendation (Doc. 17) concluded that Arias fails to state a claim, that *Rooker-Feldman* prevents the district court from vacating the state-court decision, and that the "domestic relations exception" excludes federal

jurisdiction. A June 21, 2018 order (Doc. 19) adopts the report, dismisses the complaint, and closes the case.

On July 12, 2018, Arias noticed (Doc. 21) in the district court an "Appeal to the United Supreme Court" (Doc. 21), which requests a review by writ of certiorari of "the order filed January 21, 2018 in this case." Arias submits duplicate motions (Docs. 24, 25) for leave to appeal *in forma pauperis* to the Eleventh Circuit. Arias asks "that the [alimony] [o]rder issue[d] in 2015 be nullif[ied]" and that Arias be granted "leave for [c]ertiorari to the US Supreme Court."

An August 29, 2018 report (Doc. 27) construes Arias's submissions as either (1) appealing a "January 21, 2018 order in this case," as stated in the July 12, 2018 notice of appeal, or (2) requesting to appeal the state-court alimony order directly to the Supreme Court, as stated in the motions for leave to appeal *in forma pauperis*. The report concludes that an appeal of the "January 21, 2018" order is frivolous because no order dated January 21, 2018 exists.[1] And the report concludes that Arias's request to appeal the state-court alimony order directly to the Supreme Court is frivolous. Finding both of the two possible appeals frivolous, the report recommends denying the motions for leave to appeal *in forma pauperis*.

Arias's submissions, however, are better construed as a notice of appeal of the June 21, 2018 order (Doc. 19), which dismisses Arias's complaint and closes the case. The notice of appeal's reference to a "January 21, 2018 order" appears to be a typographical error. As Arias clarifies in the objection (Doc. 29) to the August 29,

---

[1] Arias did not sue the defendants until February 6, 2018.

- 2 -

2018 report, Arias intended to notice an appeal of the June 21, 2018 dismissal order (Doc. 19) to the Eleventh Circuit and did not intend to notice an appeal of a non-existent "January 21, 2018 order."

However, Arias's appeal of the June 21, 2018 dismissal order is frivolous. Two thorough and well-reasoned reports (Docs. 9, 17) and two orders (Docs. 13, 19) explain to Arias the deficiencies in his complaint, *i.e.*, that *Rooker-Feldman* and the "domestic relations exception" bar his claims. Arias fails to address these deficiencies in his amended complaints, in his objections to the Magistrate Judge's reports, or in his other submissions. Arias's construed appeal (Doc. 21) of the June 21, 2018 dismissal order (Doc. 19) is frivolous.[2]

The objection (Doc. 29) is **OVERRULED**, the report and recommendation (Doc. 27) is **ADOPTED** to the extent consistent with this order, and the motions (Docs. 24, 25) for leave to appeal *in forma pauperis* are **DENIED**. The clerk is directed to notify the Court of Appeals of this order.

ORDERED in Tampa, Florida, on October 15, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Instead of addressing the deficiencies in his complaint, Arias asserts that the district court has "lost jurisdiction" and "obstructed justice" by failing until July 6, 2018, to mail the June 21, 2018 dismissal order. In fact, the June 21, 2018 dismissal order was mailed to Arias on June 22, 2018, and again on July 6, 2018, after Arias called the clerk's office and claimed that he never received the order. Arias timely filed the construed notice of appeal and fails to identify any prejudice.